IN THE UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF TEXAS, HOUSTON
DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGECOMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT GANDY,<br>SILVERBACK PROMOTIONS, LLC,CLARENCE FITCHETT,<br>CF3 ENTERPRISES, LLC,<br>KATHY GIVENS-GANDY,<br>ANDBILLY CHANG,<br><br>Defendants. | Case No.: 4:21-cv-3672 |

**DEFENDANTS'**
**FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

Defendants, hereby files this their Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) F.C.R.P. and in support offers as follows:

### I.   SUMMARY OF MOTION TO DISMSS

Plaintiff alleges Defendants engaged in fraudulent schemes to obtain securities of two penny-stock companies and then sell those securities into the market. Plaintiff further alleges that to accomplish the alleged scheme, the Defendants falsified documents that created the false appearance that the securities were unrestricted, and therefore avoid compliance with other requirements, such as registration with the Commission and allegedly created

fictitious debts and fabricated various instruments. The foundation of Plaintiff's claims latch with an unnamed source claiming he/she is the rightful president(s) of the penny-stock companies and that he/she was unaware of the documents and did not execute them.

The Rule 9(b) standard for pleading fraud is well settled that a plaintiff must allege the "who, what, where and how" of the fraudulent conduct. *Vess v. Ciba-Geigy Corp.*, 317 F. 3rd 1097, 1106 (9th Cir. 2003). Fraud allegations must state the time, place, and specific content of the false representations *as well as the identities of the parties to misrepresentation*. *Bassett v. Ruggles*, No. CV _F-09-528, 2009 U.S. Dist Lexis 83349, at* 62 (E.D. Cal., Sept 14, 2009) citing *Schreiber Distrib. V Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

As the basis for its claims based on fraud, the Plaintiff points to some agreements and documents, but never alleges with specificity the identity of the person that forms the basis of alleged falsities (without which there could be no alleged fraud). Resultantly, Plaintiff has only alleged "garden variety" fraud, and completely fails to connect the alleged fraud to any specific person(s) that was misused to facilitate the fraud or the victim of the fraud.

Plaintiff's complaint leaves the Defendants to guess who was used to facilitate the creation of false agreements and notes that resulted in a violation of

securities laws. Accordingly, the Plaintiff's complaint fails to meet the requirements of Rule 9(b).

Additionally, Plaintiff asserts Defendant, Robert Gandy created two false promissory notes issued by Quantum Medical Transport, Inc ("DRWN"). One of the notes dated August 17, 2015, was issued to Defendant, Ms. Givens-Gandy (identified as "Kathy Givens"), promising to repay her $40,000, plus 12% interest, on or before August 17, 2016 (the "Givens-Gandy Note"). Plaintiff suggests the money that made the basis of the note (the $40,000) from DRWN to Givens-Gandy, was never actually paid resulting in a fraudulent note…which was ultimately converted in shares, sold and diverting cash to the Defendants.

However, Givens-Gandy wired the $40,000 from an existing bank account to Richard Astrom's designated bank account, Dixie Asset Management (at the request of Ricky Bernard).[1]  The wire came from an account owned and controlled by Ms. Givens-Gandy. Therefore, Plaintiff's complaint alleging a fake wire resulting in a fake promissory note fails….resulting in its Complaint failing to articulate claims that have a plausible entitlement to relief and should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007); *N.J. Carpenters Pension & Annuity Funds v.*

---

[1] Exhibit 1 Bates Numbers 001000001-001000007, Kathy Givens-Gandy verified Fed Wire Confirmation, original BofA remittance form

3

*Biogen IDEC Inc.*, 537 F.3d 35, 44 (1st Cir. 2008) (affirming dismissal of securities claims).

## II. ARGUMENT AND AUTHORITIES

**Standard for Motion to Dismiss**

1. This Court may dismiss the SEC's claims under Rule 12(b)(6) if they fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the complaint does not provide fair notice of the claim and does not state factual allegations showing that the right to relief is plausible. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 & n. 3 (2007)

2. A pleading must "contain something more than a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Bell Atlantic Corp. v. Twombly,* 550 US 544 (2007) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are likewise insufficient. *Twombly*, 550 U.S. at 555. Plaintiff's complaint does not provide defendants with fair notice of plaintiff's claims. *Ruivo v. Wells Fargo Bank, N.A.,* 766 F.3d 87, 90-91 (1st Cir. 2014)

4

3. Further, in a complaint alleging fraud or mistake, such as the Plaintiff's here, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). A pleading that includes allegations of fraud or mistake under the Securities Act of 1933 ("Securities Act") or the Securities Exchange Act of 1934 ("Exchange Act") must adhere to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b). The particularity requirements of Rule 9(b) apply equally to actions initiated by the SEC. See, e.g., *S.E.C. v. Bank Atlantic Bancorp, Inc.*, 12-60082-CIV, 2012 WL 1936112, at *7-10 (S.D. Fla. May 29, 2012); *S.E.C v. Ginsburg*, 99-8694C-IV, 2000 WL 1299020, at *2 (S.D. Fla. Jan. 10, 2000) ("[a]llegations of security fraud under § 10(b) and Rule 10b–5 are subject to the heightened pleading standards of Federal Rule of Civil Procedure Rule 9(b)."); *S.E.C. v. Tambone*, 417 F. Supp. 2d 127, 130-31 (D. Mass. 2006).

4. While the heightened pleading requirement of Rule 9(b) does not abrogate the notice pleading requirement of Rule 8, Fed. R. Civ. P., it does require that a complaint include:

   (1) precisely what statements or omissions were made in which documents or oral representations;

   (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) them;

   (3) the content of such statements and the manner in which they misled the plaintiff; and

(4) what the defendant obtained as a consequence of the fraud. *Bank Atlantic Bancorp, Inc.*, 2012 WL 1936112, at *8 (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir.2006)). In other words, Rule 9(b) is satisfied if the complaint sufficiently pleads the "who, what, when, where, and how of the allegedly false statements" and then generally alleges the requisite intent. *S.E.C. v. Betta*, 09-80803-CIV-MARRA, 2010 WL 963212, at *4 (S. D. Fla. Mar.10, 2010) (quoting *Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008).

5. As set forth below, the fraud allegations in the complaint against the defendants fail to state claims for which relief may be granted and, accordingly, should be dismissed.

### III.  ARGUMENT

**Plaintiff Fails to Identify the Person(s) Substantiating Fraud nor Provides any Exhibit or Declaration in Support of its Fraud in Connection with the Purchase or Sale of Securities Claim**

6. Here, Plaintiff's allegations of fraud are primarily rooted in the conclusory allegations that debt agreements and promissory notes were falsely executed (thereby demonstrating the falsity of the documents' intent). Plaintiff's allegations are solely based on supposition relying on person(s) stating they were without knowledge of the debt agreements or notes; nor did they sign the agreements or notes. Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in the complaint (such as the repeated reference to the activities of the defendants a "scheme") will not defeat a FRCP 12(b)(6) motion. See *Iqbal* at 678. Although detailed factual allegations are not required, a complaint

6

may be dismissed when (1) it does not show a right to relief beyond mere speculation or (2) it sets forth a claim for relief from which no more than a mere possibility of misconduct can be inferred. See *Twombly* at 555.

7. In the instant case Plaintiff's allegations of Defendants' actions were just as consistent with lawful conduct as with wrongdoing, having been approved by the Florida state court, and by the third-party attorneys who rendered opinions regarding the transferability of the referenced shares of stock; each of whom had a duty to examine the validity of the parties and transactions involved.

8. In fraud actions, Rule 9(b) serves the important purpose of "alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Bus. Mgmt. Ass'n.*, 847 F.2d 1505, 1511 (11th Cir. 1988) (quoting *Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984)). As such, a complaint in a securities action that fails to connect the factual allegations to the substantive elements of each alleged count fails to meet the heightened pleading requirement of Rule 9(b).

9. More importantly, the Rule 9(b) standard for pleading fraud is well settled that a plaintiff must allege the "who, what, where and how" of the fraudulent conduct. *Vess v. Ciba-Geigy Corp.*, 317 F. 3rd 1097, 1106 (9th Cir. 2003). Fraud allegations must state the time, place, and specific content of the false representations as well as

the identities of the parties to misrepresentation. " *Bassett v. Ruggles*, No. CV _F-09-528, 2009 U.S. Dist Lexis 83349, at* 62 (E.D. Cal., Sept 14, 2009) citing *Schreiber Distrib. V Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986).

10. In the case sub judice, even if Plaintiff pleaded sufficient facts to meet the pleading standard set forth in *Iqbal* and *Twombly*, Plaintiff's fraud claims fail to meet the pleading standards required by Rule 9(b) of the Federal Rules of Civil Procedure because the marrow of the fraud claims is wholly unidentified.

11. Plaintiff's fraud claims are unquestionably rooted in the unidentified, unsworn and unsupported claims of Plaintiff's person(s) asserting the purported agreements and notes (referenced in the Complaint) are false or falsified. Plaintiff is required to allege specific facts that go beyond a mere notice pleading. However, Plaintiff fails to state the names of the purported presidents of DRWN and MCIM that Plaintiff contends never consented to, knew about or executed debt instruments or any other agreement purportedly utilized by the Defendants.

12. Without the substance of Plaintiff's reliance on unidentified person(s) claiming the debt agreements and promissory notes were inauthentic and forged, Plaintiff's allegations amount to nothing more than the unadorned "defendant committed fraud" accusation. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

13. Indeed, the Plaintiff has only alleged "garden variety" fraud, and completely fails to connect the alleged fraud to any specific person, declaration or exhibit. As a result, the Defendants are left to guess what and who forms the basis of the false documents resulting in the violation of the securities laws. Accordingly, Plaintiff's complaint fails to meet the requirements of Rule 9(b).

> **The SEC Failed to Establish that Ms. Givens-Gandy Violated Section 10(b) of the Exchange Act and Rules 10b-5(a), 10b(c)-Section 17(a)(1) and 17(a)(3)-Fraud in Connection with the Purchase or Sale of Securities**

14. To prevail on its fraud claims against Ms. Givens-Gandy, Plaintiff must demonstrate that she (i) employed a device, scheme, or artifice to defraud; and/or (ii) engaged in an act, practice, or course of business that operates or would operate as a fraud or deceit upon any person.

15. In support of its claims, Plaintiff contends Ms. Givens-Gandy participated in a scheme to fake wire or deposit $40,000 in support of a fraudulent promissory note purportedly issued by DRWN.

16. While all allegations must be accepted as true and construed in the light most favorable to the plaintiff, this does not include "facts" that are "conclusively contradicted by plaintiffs' concessions or otherwise." *Chongris v. Bd. of Appeals of the Town of Andover*, 811 F.2d 36, 37 (1st Cir. 1987) (affirming dismissal); see also *U.S. ex rel. Carroll v. JFK Med*. Ctr., 2002 WL 31941007, at *2 (S.D. Fla. Nov. 15, 2002) ("Court need not accept facts that are internally inconsistent, facts that run

counter to facts which the Court may take judicial notice of, conclusory allegations, unwarranted deductions or mere legal conclusions").

17. Ms. Givens-Gandy, in fact, wired $40,000 from an account in which she was the signatory, and she wired the proceeds to the person and account instructed in the promissory note on behalf of DRWN. The federal wire number and banking documents attached herein defeats the required elements of Plaintiff's fraud claim resulting in the failure of those claims.

18. Further, Plaintiff alleges 2 years after the transfer, that Ms. Givens-Gandy sold a portion of the Note she received from DRWN and offered fake documents to support the illusion of a legitimate arms-length promissory note transaction.

19. Since Ms. Givens-Gandy actually paid the money and received an executed promissory note in exchange, the transaction, from the perspective of Ms. Givens-Gandy, the transaction was proper.

20. The gravamen of Plaintiff's entire fraud claim against Ms. Givens-Gandy is rooted in the allegation that she knowingly participated in a scheme to fake wire funds to no-one in exchange for a fraudulent promissory note. In fact, Plaintiff states…" [b]ecause she never wired $40,000 to DRWN (and never maintained an account at the bank from which the $40,000 allegedly came), Givens-Gandy knew, or was severely reckless in not knowing, that she never wired $40,000 to DRWN and that the promissory note and underlying debt were bogus."

21. Reason demands that since Ms. Givens-Gandy did wire the $40,000 from an account in which she controlled and was the signatory, Plaintiff's allegation of fraud fail against her.

22. Since Ms. Givens-Gandy provides direct evidence which refutes Plaintiff's allegations, the required scienter for Plaintiff's fraud against Ms. Givens-Gandy in the offer or sale of securities fails. *Chongris v. Bd. of Appeals of the Town of Andover*, 811 F.2d 36, 37 (1st Cir. 1987) (affirming dismissal) ("facts" that are "conclusively contradicted by plaintiffs' concessions or otherwise.")

## PRAYER

Wherefore, all premises considered, defendants respectfully request this Honorable Court grant their Motion to Dismiss the Plaintiff's claims against them with prejudice and for such other relief to which they may show themselves jointly or individually entitled in law or equity.

Respectfully submitted,

**GREALISH & McZEAL, PC**

BY:   */s/ Dwight E. Jefferson*
Dwight E. Jefferson
State Bar No. 10605600
Email: jefferson@grealishmczeal.com
700 Louisiana, 48th Fl.
Houston, TX 77002
(713) 255-3237 Telephone
(713) 783-2502 Facsimile

11

**ATTORNEYS FOR ROBERT GANDY**

## CERTIFICATE OF SERVICE

I certify that on January 14, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which automatically sends e-mail notification of such filing to all counsel of record.

By: */s/ Dwight E. Jefferson*
Hon. Dwight E. Jefferson