**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br>**vs.**<br><br>**ROBERT GANDY,**<br>**SILVERBACK PROMOTIONS, LLC,**<br>**CLARENCE FITCHETT,**<br>**CF3 ENTERPRISES, LLC,**<br>**KATHY GIVENS-GANDY, AND**<br>**BILLY CHANG,**<br><br>**Defendants.** | **Civil Action : 4:21-CV-03672** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**FED. R. CIV. P. 12(b)(6) MOTION TO DISMISS**

Plaintiff Securities and Exchange Commission ("Commission") asks the Court to deny Defendants' Fed. R. Civ. P. 12(b)(6) Motion to Dismiss (hereinafter "Motion") [Doc. 17], respectfully showing the following:

## I.
## SUMMARY

The Commission's Complaint [Doc. 1] details two schemes (involving five transactions) that Defendants employed to illegally acquire unrestricted shares of stock in two penny stock companies. The Complaint details how the Defendants acquired these shares by violating the federal securities laws and regulations. (*See*

Complaint, ¶¶ 1-7). Defendants move to dismiss the Commission's Complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted.[1]

Defendants advance two arguments. First, they contend that the Complaint lacks the specificity required by Rule 9(b) of the Federal Rules of Civil Procedure. But, other than making generalized statements about the standard, Defendants identify only one defect—the failure to identify the Commission's sources by name. (Motion, ¶¶ 6, 11, 12). Defendants' second argument advocates dismissal on the grounds that a document, which they attach to their motion, purports to prove that Defendant Kathy Givens-Gandy did make a wire transfer. However, this argument fails to discuss the sufficiency of the Complaint's allegations and instead dives right into debating facts and evidence.

Failing to identify a source by name and arguing facts and evidence at this stage of the proceeding are not legitimate grounds to dismiss a complaint under Rule 12(b)(6). Thus, the Motion must be denied.

## II.
## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure are "viewed with disfavor and are rarely granted." *Lormand v. U.S.*

---

[1] In the first line of their motion, Defendants state that they are also moving to dismiss under Rule 12(b)(1). (Motion, at p. 1). However, Defendants make no arguments under Rule 12(b)(1).

*Unwired, Inc.,* 565 F.3d 228, 232 (5th Cir. 2009); *Priester v. Lowndes Cnty.*, 354 F.3d 414, 418 (5th Cir. 2004). When ruling on a motion to dismiss, the Court must determine whether the allegations of the Complaint are sufficient to state a claim within the meaning of Rule 8(a). The plaintiff must plead sufficient facts to state a claim for relief that is facially plausible. *See SEC v. Cuban*, 620 F.3d 551, 553 (5th Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must construe the Complaint in the light most favorable to the Commission, accept as true all well-pleaded allegations, and draw all reasonable inferences in its favor. *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). The standard is a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable," and that a recovery is very remote and unlikely. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

On a motion to dismiss for failure to plead fraud with particularity under Rule 9(b), dismissal is appropriate only if the complaint fails to "state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b). "What constitutes 'particularity' will necessarily differ with the facts of each case …." *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992). Rule 9(b) is read in conjunction with Rule 8, which only requires a "short and plain" statement of a claim showing that the pleader is entitled to relief. *Steiner v. Southmark Corp.*,

734 F. Supp. 269, 273 (N.D. Tex. 1990) (Rule 9(b) is not intended "to procure punctilious pleading detail").

To satisfy Rule 9(b), a complaint "need only apprise the defendant of the time, place, and nature of the fraudulent behavior and defendant's relationship thereto." *Id.* "Put simply, Rule 9(b) requires 'the who, what, when, where and how' to be laid out" with respect to a fraud claim. *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003).

## III.
## ARGUMENT AND AUTHORITIES

### A. The Commission's Complaint states a claim on which relief can be granted and sufficiently alleges fraud claims against the Defendants.

The Complaint states claims on which relief can be granted. The Commission is charged with enforcing the federal securities laws, and the Complaint alleges violations of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder. (Complaint, ¶ 6). These violations, as alleged by the Commission, enabled Defendants to illegally obtain unrestricted shares of stock in two companies, DRWN and MCIM, through the use of forged and fraudulent documents. (Complaint, at ¶¶ 1-6).

In addition, the Commission's fraud allegations amply satisfy the requirements of Rule 9(b), because the Complaint provides plentiful details about two schemes that the Defendants used to commit fraud and includes specific facts demonstrating the "who, what, when, where, and how" of the Commission's fraud claims.

*1. Section 3(a)(10) Transactions.*

Paragraphs 24-56 in the Complaint explain—in detail—the who, what, when, where, and how of the Section 3(a)(10) transactions that resulted in the issuance of unrestricted shares of stock in violation of the law:

- **Who and What**: Defendants Robert Gandy and Clarence Fitchett, and their respective companies, Defendants Silverback Promotions, LLC, and CF3 Enterprises, LLC, worked together to create contracts and invoices representing amounts purportedly owed by the two companies, DRWN and MCIM. They claimed the companies owed debts almost immediately upon the execution of the contracts, before any work could reasonably have been performed. (Complaint, ¶¶ 24-30, 43-46). Fitchett then executed claims purchase agreements for his company, CF3, to buy the debts, even though the presidents of DRWN and MCIM had no knowledge of these debts. (Complaint, ¶¶ 35, 46, 47).

- **Where and How**: After purchasing the non-bona fide debts and making no effort to collect them from the companies, Fitchett quickly filed collections lawsuits in Florida state courts. (Complaint, ¶¶ 30, 33, 48, 49). He then promptly signed settlement agreements to settle the collections lawsuits. The company presidents had no knowledge of these lawsuits. (Complaint, ¶¶ 35, 49). CF3 then submitted the settlements to the courts for approval. (Complaint ¶¶ 37, 51).

- **What and How**: After securing court approval, the key requirement to comply with Section 3(a)(10) of the Securities Act, CF3 submitted the

false and fraudulently obtained documents to the transfer agent and obtained unrestricted shares in each company. (Complaint, ¶¶ 38, 52-55).

- **When**: The key actions occurred and documents were signed on various dates from August 5, 2017 to June 15, 2018. (Complaint, ¶¶ 24-25, 28-29, 31-34, 37-30, 41-42, 47-49, 51-53, 55).

2. *Backdated Convertible Promissory Notes.*

Paragraphs 58-78 in the Complaint detail the convertible promissory note transactions that led to the issuance of unrestricted shares in violation of the law:

- **Who and What:** Gandy created false promissory notes from DRWN promising to purportedly repay Defendants Kathy Givens-Gandy and Billy Chang the $40,000 each had allegedly loaned to DRWN, when in fact they had not wired any money to DRWN. (Complaint, ¶¶ 58, 64). Gandy or Fitchett created a false promissory note from MCIM to purportedly repay $1,800,000 that CF3 had purportedly wired to it, when in fact CF3 never wired that amount to MCIM. (Complaint, ¶¶ 69-70, 72). The falsified promissory notes were allegedly signed by DRWN and MCIM presidents who, on the dates in question, were not the presidents of the companies. (Complaint, ¶¶ 58, 70).

- **Who and How**: Givens-Gandy, Chang, and CF3 then sold their promissory notes to third-party purchasers and provided them with false supporting documents that purportedly proved the underlying wire transfers had occurred. (Complaint, ¶¶ 59, 64-65, 71-72). The note purchasers used the false documents to obtain legal opinions that unrestricted shares could be issued to satisfy the notes. (Complaint, ¶¶ 60-61, 65-66, 71-73, 75).

- **How:** Based on the false supporting documents and fraudulently obtained legal opinions, the transfer agent issued unrestricted DRWN and MCIM shares, which the purchasers sold. Givens-Gandy and CF3 were paid for their notes out of those share sales, and then forwarded all or a portion of their proceeds to Gandy and Silverback. (Complaint, ¶¶ 63, 75-78).

- **When:** The key actions of selling the fraudulent notes, issuing the unrestricted shares, and the payments to Defendants occurred on various dates from March 21, 2018 to August 6, 2018. (Complaint ¶¶ 59-60, 63-65, 68, 71, 75-78).

As discussed in Section II above, the Court must construe the Complaint in the light most favorable to the Commission, accept as true all well-pleaded allegations, and draw all reasonable inferences in the Commission's favor. Accordingly, the Complaint specifically identifies the details of fraudulent transactions, which are more than sufficient to state claims for securities fraud (under Securities Act Section 17(a) and Exchange Act Section 10(b) and Rule 10b-5) on which relief can be granted.

**B. Defendants' contention that the Complaint lacks sufficient detail under Rule 9(b) is wrong.**

In arguing that the Complaint lacks sufficient detail under Rule 9(b), Defendants allege only one detail that they claim is missing—the names of the presidents of DRWN and MCIM. Other than that specific fact, Defendants' paragraphs only generically restate legal principles and fail to direct the Court to specific omissions or defects. (*E.g.,* Motion, ¶ 6 ("Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements … will not defeat a FRCP 12(b)(6) motion."); Motion, ¶ 13 ("Indeed, the Plaintiff has only alleged 'garden variety' fraud, and completely fails to connect the alleged fraud to any specific person, declaration or exhibit. As a result, the Defendants are left to

guess what and who forms the basis of the false statements resulting in the violation of the securities laws.”).

However, a complaint does not need to identify *by name* a confidential or anonymous source “so long as they are identified through general descriptions in the complaint with sufficient particularity” to be someone who possesses information to support the allegations of false or misleading statements made. *ABC Arbitrage v. Tchuruk*, 291 F.3d 336, 353-54 (5th Cir. 2002) (quoting and adopting the standard from *Novaks v. Kasaks*, 216 F.3d 300, 313-14 (2d Cir. 2000)); *see also Employees Ret. System of Gov't of V.I. v. Blanford*, 794 F.3d 297, 305 (2d Cir. 2015). Identifying a source by a corporate position is adequate. *See In re Dauo Sys., Inc.*, 411 F.3d 1006, 1016 (9th Cir. 2005) (plaintiffs sufficiently described confidential witnesses to satisfy Rule 9(b) by providing the witnesses' job responsibilities or witnesses' exact titles); *Lopez v. CT Partners Executive Search, Inc.,* 173 F. Supp. 3d 12, 31 (S.D.N.Y. 2016) (plaintiff may rely on confidential sources, i.e., persons identified other than by name).

The Commission clearly identifies its sources by their positions—they are the presidents of DRWN and MCIM. And Defendants unquestionably understood that, stating:

> …However, Plaintiff fails to state the names of the *purported presidents of DRWN and MCIM that Plaintiff contends never consented to, knew about or executed debt instruments* ….

(Motion, ¶ 11 (emphasis added); *see also* Motion, ¶ 12). Thus, Defendants admit that they know exactly the sources of the Commission's allegations and are not "left to guess what and who forms the basis of the false statements …." (Motion, ¶ 13).

**C. Defendants' claim that Givens-Gandy wired $40,000 to DRWN, which contradicts the Complaint, is a misplaced argument on the merits.**

Defendants' other argument for dismissing the Commission's Complaint is that the Commission "failed to establish" that Givens-Gandy violated the federal securities laws because she did in fact wire $40,000, in connection with the convertible promissory note. (Motion, heading at ¶ 14). Defendants attach a document, labeled "000001" (hereinafter "Defs. Doc. 000001") to their Motion, purporting to be a wire transfer receipt, to prove that Givens-Gandy made the wire transfer.

Their argument, however, is beyond the scope of Rule 12(b)(6). Generally, the Court examines only the allegations within the four corners of the complaint. *Doe ex rel. Magee v. Covington Cnty. Sch. Dist.*, 649 F.3d 335, 341 (5th Cir. 2011). A Rule 12(b)(6) motion tests "only the formal sufficiency of the statement of a claim for relief" and "is not a procedure for resolving contests about the facts or the merits of a case." *Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002).

Presumably, Defendants believe that their document, Defs. Doc. 000001, proves that the Givens-Gandy wire transfer was made and that the Commission cannot prove its allegation that she did not wire $40,000 to DRWN. However, Defs. Doc. 000001 raises more questions than it answers. For example, the Complaint alleges that the maker of the promissory note in question (DRWN) was to repay Givens-Gandy the $40,000 she allegedly wired to it on August 17, 2015. (Complaint, ¶ 58). Defs. Doc. 000001, however, does not match the promissory note. Instead, Defs. Doc. 000001 purports to reflect a wire transfer from River Oaks Billing Associates, LLC to Dixie Assets Management, Inc. The Motion and Defs. Doc. 000001 do not explain these discrepancies in payors and payees between the promissory note (identified in the Commission's Complaint) and Defs. Doc. 000001.[2]

---

[2] This discrepancy is not the only feature of Defendants' document that requires further explanation. The Commission has seen Defs. Doc. 000001 in another context: A nearly identical version of it—with key portions redacted—was used to prove to the purchaser of Defendant Billy Chang's $40,000 convertible promissory note this Chang's wire transfer had occurred. (Complaint, ¶¶ 64, 65). Thus, the same document, in altered form, appears to have been used to prove two different wire transfers. The Commission has attached to this Response, as Exhibit "A," a copy of the doctored wire transfer, solely for the Court to compare the discrepancies.

On Exhibit "A", the Court can see that the name of the "requestor," on behalf of River Oaks Billing Associates, LLC, which appeared as "Kathy Y. Givens" on Defs. Doc. 000001, has been redacted. Additionally, under "Additional Bank Instructions" mid-way down, the words "A Clean Slate (DRWN)Merger Fee" now appear, instead of "R and G Transportation A Clean Slate," which is on Defs. Doc. 000001.

At best, these anomalies involving Defs. Doc. 000001 raise questions and issues for discovery, which cannot be resolved on a motion to dismiss under Rule 12(b)(6).

Regardless, even if Defendants had sought in their Motion to explain the discrepancies, this is not the right procedural mechanism for resolving contests of fact or the merits of the case.[3] Construing the Complaint in the light most favorable to the Commission, the Court must accept the Commission's allegations that (1) Givens-Gandy did not wire $40,000 to DRWN (Complaint, ¶ 58) and (2) the (alleged) wire transfer receipt submitted to the transfer agent—to obtain the unrestricted shares of DRWN stock—was not legitimate because the bank from which it purportedly came disavowed it. (Complaint, at ¶ 59). Further, the Court must draw reasonable inferences in the Commission's favor—for example, that Defendants' document and the Complaint could be referring to two different wire transfers (among other possible, and more nefarious, explanations). Consequently, Defendants' document does not prove "beyond doubt" that the Commission is not entitled to relief. *See Conley v. Gibson,* 355 U.S. 41, 45-46 (1957) (district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.").

Thus, it is premature and beyond the scope of a Rule 12(b)(6) motion to debate facts and evidence. Nonetheless, Defendants' effort to argue facts and

---

[3] Moreover, Defendants' documents only address one of six Defendants on one of five fraudulent transactions.

evidence demonstrates that the Complaint's fraud allegations are sufficiently detailed for Defendants to understand them. In short, Defendants are not "left to guess" what they are accused of. It is clear they understand.

## IV.
## CONCLUSION

Neither of Defendants' arguments has merit. The Commission's Complaint alleges more than sufficient details to satisfy the Rule 9(b) standard for specificity of a fraud claim. Further, Defendants' other argument improperly argues facts instead of the sufficiency of allegations. As a result, the Court should deny Defendants' motion.

DATED: February 3, 2022.

Respectfully submitted,

*/s/ Janie L. Frank*
JANIE L. FRANK
Attorney-in-Charge
Texas Bar No. 07363050
SDTX Bar No. 426174
DEREK B. KLEINMANN
Kansas Bar No. 22732
SDTX Bar No. 3714184

SECURITIES AND EXCHANGE COMMISSION
Fort Worth Regional Office
801 Cherry St., Ste 1900, Unit #18
Fort Worth, TX 76102-6882
(817) 978-6478 (jlf phone)/
(817) 900-2623 (dbk phone)
(817) 978-4927 (facsimile)
frankj@sec.gov
kleinmannd@sec.gov

CERTIFICATE OF SERVICE

I certify that on February 3, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court. I hereby certify that I have served all counsel according to Fed. R. Civ. P. 5(b)(2).

/s/ *Janie L. Frank*
JANIE L. FRANK