Case 4:21-cv-03672 Document 48 Filed on 01/17/23 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
January 17, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Securities and Exchange Commission, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-21-3672 |
| | § | |
| Robert Gandy, et al., | § | |
| Defendants. | § | |

# ORDER

Pending before the court is Plaintiff's Motion to Quash Defendants' Second Notice of Intention to Take Deposition of SEC's Corporate Representative, for Protective Order and Expedited Consideration. ECF No. 41. The motion is GRANTED.

## 1. Background and Facts

On November 9, 2021, the Securities and Exchange Commission (SEC) sued Defendants for violations of the federal securities laws. ECF No. 1. The court entered a scheduling order on February 3, 2022, setting July 29, 2022, as the discovery deadline. ECF No. 22. The court later modified that deadline to October 31, 2022. ECF No. 29.

On October 25, 2022, the SEC filed its first motion to quash Defendant's notice under Federal Rule of Civil Procedure 30(b)(6) to take the deposition of the SEC's corporate representative. ECF No. 30. Before October 25, 2022, the only

discovery Defendants had conducted was to exchange initial disclosures, serve a single request for production seeking the SEC's entire investigative file, and serve the 30(b)(6) notice. *Id.* at 3–4. Importantly, Defendants had not served any interrogatories or requested any specific subset of documents. ECF No. 40 at 11–12.

The court held a hearing on the motion to quash on November 10, 2022. *See* ECF No. 37. The court granted the motion because the deposition topics were overly broad and sought information protected as work product. ECF No. 40 at 11–12. However, the court ordered, among other things, that the discovery deadline be extended to complete limited, targeted discovery. ECF No. 37. Specifically, the court allowed Defendants to serve ten requests for production and five interrogatories with responses from the SEC due on December 2, 2022. *Id.* The court ordered the parties to "confer about proper and targeted Rule 30(b)(6) topics, based on the court's guidance on the record."[1] *Id.* The deposition notice was to be served by December 9, 2022, and the deposition was to be conducted on or before December 31, 2022.

Defendants served the 30(b)(6) notice on December 13, 2022, the deadline having been extended by agreement. ECF No. 41 at 5. The notice included these

---

[1] During the hearing, the court gave defense counsel the Westlaw citations to two district court cases, discussed below, that provide guidance on discovery that must be conducted before an SEC corporate representative may be deposed and on the proper scope of such a deposition. ECF No. 40 at 17.

four topics:

1. The facts related to the witness declarations in the case;
2. Information regarding the Wells Notice letters sent to the defendants and others;
3. The facts related to "The Robert Gandy Show" document; and
4. The Original Complaint and facts related to its genesis.

ECF No. 41-1 at 3. The SEC has again moved to quash the notice of deposition. ECF No. 41. The SEC argues that it, as a law enforcement agency, does not have any independent, first-hand knowledge of the facts of the case, as in a typical civil proceeding. *See id.* at 6–7. Rather, it only knows what it has learned through its investigation of the case, and therefore the deposition necessarily seeks the SEC's work product. The SEC further argues that there are other, less intrusive avenues from which Defendants could have obtained the information they seek. *Id.* at 9.

In their response to the motion to quash, contrary to the actual wording of their 30(b)(6) topics, Defendants explain that they do not "seek a Rule 30(b)(6) deposition to get specific information that related to Plaintiff's investigation and the case at issue," but rather seek "'general information' about the SEC and its organizational practices regarding witness declarations" and the other documents listed in the topics. ECF No. 46 at 5. Defendants concede that the fourth topic is improper and withdraw it. *Id.*

3

## 2. Analysis

Courts confronting the issue of whether the SEC can be required to present a 30(b)(6) witness agree that, because the SEC is a law enforcement agency and has no independent knowledge of the facts of the case, "only the results of the SEC's investigation could be inquired into in a Rule 30(b)(6) deposition, and such inquiry would inevitably and improperly invade the work product of SEC investigating attorneys[.]" *SEC v. SBM Inv. Certificates, Inc.*, Civil Action No. DKC 2006-0866, 2007 WL 609888, at *25 (D. Md. Feb. 23, 2007) (relying on *SEC v. Rosenfeld*, No. 97-CIV-1467, 1997 WL 576021 (S.D.N.Y. Sept. 16, 1997)); *SEC v. Contrarian Press*, No. 16-cv-6964, 2020 WL 7079484, at *3 (S.D.N.Y. Dec. 2, 2020) (citing *Rosenfeld*, 1997 WL 576021, at *2). This does not mean that litigants may not seek any discovery from the SEC. They may use other avenues of discovery, such as interrogatories, including contention interrogatories, requests for production, and depositions of witnesses with knowledge of the facts. *SBM Certificates*, 2007 WL 609888, at *23. Moreover, to the extent that a defendant is truly seeking general information about the SEC and its organizational practices, such a deposition may take place. *See Contrarian Press*, 2020 WL 7079484, at *2.

The three remaining topics identified by Defendants are still hopelessly broad and make no attempt to avoid seeking information protected as privileged and work product. If Defendants are really seeking information about people who

4

have signed declarations, they should have deposed the declarants. In fact, according to SEC's counsel, two of the declarants were deposed and defense counsel examined them. Defendants argue that they need to discover information about any promises made to the declarants, but do not explain why they could not have learned that information directly from the declarants or sought documents showing promises or agreements from the SEC.

The second topic, "Information regarding the Wells Notice[2] letters sent to the defendants and others" obviously seeks information about the SEC's investigation and internal deliberations. If Defendants truly sought information about the SEC's policies and procedures for the issuance of a Wells Notice letter, they could have specified that in the 30(b)(6) notice and could have served an interrogatory asking for that information. They did not. *See* ECF No. 46-2 (stating the SEC's objections and responses to the additional discovery permitted by the undersigned). The court allowed Defendants the opportunity to serve additional discovery for the very purpose of learning the information they were trying to seek through a 30(b)(6) deposition, but they mis-used that opportunity.

As for the last remaining topic, "The facts related to 'The Robert Gandy Show' document," the SEC has explained, and it is undisputed that the document

---

[2] A Wells Notice letter is, according to the SEC, a notification that SEC staff have made a preliminary determination to recommend that the SEC file an action against a person, provides notice of the security law violations at issue, and gives the recipient of the letter an opportunity to make a submission to the SEC concerning the recommendation. ECF No. 41 at 13.

5

was submitted anonymously to the SEC. No person at the SEC has any knowledge of the facts surrounding it. A deposition of an SEC representative will not produce any information.

The court concludes that permitting a deposition of an SEC representative on the topics set forth in Defendants' deposition notice would inevitably involve inquiry into information protected by privilege and as work product. Defendants argue that they are not seeking to discover information about the SEC's investigation of the case, but instead seek only information about the SEC's organizational practices. The court disagrees. The topics on their face seek the former, not the latter. Defendants further argue that the SEC can avoid divulging protected information by designating a person who is not a lawyer. But any person who is presented as SEC's representative would necessarily have to be prepared by the lawyers and investigators on the case because they are the only people with knowledge. Thus, designating someone outside the investigative team would be tantamount to designating someone on the investigative team. *See Contrarian Press*, 2020 WL 7079484 at *3 (quoting *Rosenfeld*, 1997 WL 576021, at *2, and explaining that, when a deposition notice calls for revealing information gathered by the SEC attorneys in anticipation of bringing the enforcement action, any witness designated would have to be "prepared by those who conducted the investigation" and "the deposition risks revealing attorney work product or

6

infringing on attorney-client privilege[,]" which would prejudice the SEC no matter who is designated).

Plaintiff's Motion to Quash Defendants' Second Notice of Intention to Take Deposition of SEC's Corporate Representative, for Protective Order and Expedited Consideration, ECF No. 41, is GRANTED. The SEC need not produce a corporate representative for deposition.

Signed at Houston, Texas, on January 17, 2023.

_____
Peter Bray
United States Magistrate Judge